# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1491

_____

United States of America,            *
                                           *

           Appellee,           *
                                           *    Appeal from the United States
          v.                        *    District Court for the District
                                           *    of Nebraska.

Raymond Mendoza, also known as     *
Raymond Otero, also known as 619,    *    [UNPUBLISHED]
                                           *

           Appellant.         *

_____

Submitted:  November 26, 2007
Filed:  December 7, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Raymond Mendoza challenges the 110-month prison sentence the district court[1] imposed after he pleaded guilty to distributing in excess of 5 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).[2] Mendoza's

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[2]Mendoza also admitted using a 1993 Cadillac Eldorado in the commission of a controlled-substance offense in violation of 21 U.S.C. § 853, and to violating the terms of supervised release on a previous conviction. The district court ordered

counsel has sought permission to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred by failing to sentence Mendoza to the statutory minimum of 60 months.

We conclude that Mendoza's sentence, which was at the bottom of the properly calculated advisory Guidelines range, is reasonable. <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462 (2007); <u>United States v. Harris</u>, 493 F.3d 928, 932 (8th Cir. 2007). The district court expressly considered relevant factors under 18 U.S.C. § 3553(a), and ruled out a sentence below the Guidelines range because of Mendoza's prior felony convictions, the dangers of methamphetamine, and the need to deter him from further criminal behavior. <u>See</u> 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Nothing in the record suggests that the district court misapplied the relevant factors. <u>See</u> <u>Harris</u>, 493 F.3d at 932-33. After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's request to withdraw.

_____

---

forfeiture of the Cadillac and sentenced Mendoza to a consecutive 24-month term of imprisonment. The revocation sentence is not at issue in this appeal.